OPINION OF THE COURT
Phyllis Orlikoff Flug, J.
The defendant, indicted, inter alla, for criminal possession of a controlled substance in the third degree, has moved for an order dismissing the indictment, pursuant to CPL 210.20 (1) (c) and 210.35 (5), on the ground that the indictment is defective under CPL 190.30 (2-a). More specifically, he claims that an electronically transmitted document, which was received into evidence before the Grand Jury, was not certified by the receiving person acknowledging receipt. Further, he argues that the People failed to file a certified report or a certified copy thereof with the court within 20 days following the defendant’s arraignment (CPL 190.30 [2-a] [b], [c]).
A hearing was held before this court on May 13, 1994. The People called Harvey Kleinfeld, a paralegal in the office of the District Attorney, Queens County. Based upon his uncontroverted testimony, which the court finds candid and credible, the court finds as follows:
FINDINGS OF FACT
The defendant was arrested on February 9, 1994 for possession of cocaine. The drugs involved were delivered on February 11, 1994 to the New York City police laboratory for analysis. Police Chemist S. Girgis completed his analysis on February 14, 1994.
By noon on February 15, 1994, paralegal Harvey Kleinfeld, who is the District Attorney’s liaison with the police laboratory, noted that the report had not been delivered. Mr. Kleinfeld telephoned Iris Alvarez, his counterpart in the laboratory, and requested that she fax a copy of the report to him. She affixed an electronic transmittal memorandum stamp on the original, signed it, and faxed the copy to Mr. Kleinfeld at 12:13 p.m. Upon receiving it, Mr. Kleinfeld signed it and *495 delivered the document to the Assistant District Attorney presenting the case to the Grand Jury. It was introduced into evidence before the Grand Jury. (The document was received into evidence at the hearing.)
Several days later the original laboratory report was delivered, by hand, to the District Attorney’s office.
The defendant was subsequently indicted on the instant charges. On March 8, 1994 he was arraigned in Part AA-1. At the arraignment, his then attorney, the Legal Aid Society, was given a photocopy of the original report (which was signed only by Ms. Alvarez). There is nothing in the court file to show that the original laboratory report was filed with the court. However, the testimony established that the original report was available for the arraigning Judge (Hon. Vincent F. Naro). No request was made by the Legal Aid Society to inspect and compare the copy with the copy served upon counsel.
CONCLUSIONS OF LAW
Regarding the defendant’s first argument, the court finds that the document, as introduced before the Grand Jury, was properly admitted. The electronic transmittal memorandum was signed by both the sender (Ms. Alvarez) and the receiver (Mr. Kleinfeld), as required by CPL 190.30 (2-a) (a) and (b). Admittedly, the People failed to provide the defendant a completed copy of the transmittal memorandum at arraignment. However, that error was rectified when the People included a full copy in their answer to the defendant’s omnibus motion.
The court now turns to the defendant’s argument that this Grand Jury procedure is fatally defective (under CPL 210.35 [5]), since the failure to file the certified report or a certified copy thereof is an error of such degree that the integrity (of the Grand Jury) is impaired, and prejudice to the defendant may result.
The first four subdivisions of section 210.35 do in fact require automatic dismissal of an indictment if a defect exists. However, subdivision (5), a catch-all provision, "is the statutory equivalent of the common-law principle that an indictment issued by a legally constituted Grand Jury need not be dismissed because of a simple technical error if the accused was not prejudiced or the fundamental integrity of the process impaired” (People v Williams, 73 NY2d 84, 90 [1989]).
*496 In the instant case, there has been no showing of any prejudice to the defendant. The correct procedure was followed in presenting the case to the Grand Jury. While the record does not show that the report was filed within the required time frame, the defendant received a copy (albeit incomplete) at the arraignment. The error here was ministerial in nature and the integrity of the Grand Jury itself could not be impaired by this subsequent omission.
In view of the foregoing, the motion to dismiss the indictment is denied.